TOWNSEND AND TOWNSEND AND CREW LLP
DANIEL J. FURNISS (State Bar No. 73531)
GREGORY S. BISHOP (State Bar No. 184680)
379 Lytton Avenue
Palo Alto, California 94301
Telephone: (650) 326-2400
Facsimile: (650) 326-2422

Attorneys for Plaintiff
3IC INC.

E-filing

ORIGINAL FILED

AUG 2 4 2001

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 3IC INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendants. | Case No. C01-20802 JF PVT <br><br> **COMPLAINT FOR BREACH OF CONTRACT AND INTERFERENCE WITH CONTRACTUAL RELATIONS** <br><br> **JURY DEMAND** |

Comes now, 3IC Inc. (3IC) through its counsel and alleges upon knowledge as to itself, and information and belief about the conduct of others, as follows:

### The Parties

1.  3IC Inc. ("3IC") is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business in Sungnam, Korea.

2.  Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business in San Jose, California.

### Jurisdiction and Venue

3.  This is a civil action arising between 3IC, a citizen of the Republic of Korea and Cisco a citizen of California. The amount in controversy exceeds $75,000. Thus, subject matter jurisdiction is proper under 28 U.S.C. § 1332 (Diversity of Citizenship.) Venue is proper under 28 U.S.C. § 1391

since the defendant Cisco resides in the judicial district in which the action is brought.

## FIRST CAUSE OF ACTION

### (Breach of Contract for Interoperability Testing at SK Telecom)

4. 3IC alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 4 above.

5. Plaintiff 3IC and defendant Cisco entered into a contract entitled "Agreement for Interoperability Testing for Cisco Systems at SK Telecom" with an effective date of April 28, 2000. Pursuant to the contract, 3IC was to provide testing services and Cisco was to pay for those testing services. The testing performed by 3IC examined the interoperability of Cisco's products with those of a third party SK Telecom ("SKT").

6. SKT provided the testing procedures to 3IC. Cisco and SKT provided the products being tested for interoperability. 3IC's involvement was limited to testing of the products according to the testing procedures provided by SKT.

7. The tests were originally scheduled to be satisfactorily completed by September 30, 2000. The products did not interoperate properly and, therefore, through no fault of 3IC the tests were not completed satisfactorily by that date. 3IC continued to perform the testing procedures from October 1, 2000 through January 31, 2001. Cisco and SKT were fully aware and approved of the continued testing by 3IC.

8. Under the contract, Cisco was to pay 3IC for the testing at a weekly rate of $55,614.58. Cisco made no payment for the testing performed by 3IC after October 8, 2000.

9. Cisco breached the contract by failing to make the required payments. 3IC has performed all of its obligations under the agreement except for those that were excused by Cisco's breach.

10. Accordingly, Cisco caused damage to 3IC in an amount to be proven at trial but not less than the weekly rate for 16.5 weeks of testing from October 9, 2000 to January 31, 2001 totaling $917,640.57.

//

## SECOND CAUSE OF ACTION

### (Breach of Contract for "Systems Integration Agreement")

11. 3IC alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 10 above.

12. 3IC and Cisco entered into a contract entitled "Systems Integration Agreement" whereby 3IC purchased hardware and licensed software ("the Products") from Cisco. 3IC's purchase price including among other things financing costs, customs and transportation was $370,846.

13. 3IC resold the Products to SK C&C, one of its largest customers, for $487,670 for installation at SKT. 3IC also entered into a service contract in connection with the Products to SK C&C for $82,055. 3IC completed all work to be performed under the service contract.

14. Through no fault of 3IC, the Products did not operate satisfactorily at SKT. Cisco attempted, but was unable to make the Products work satisfactorily.

15. Cisco contacted SK C&C directly and sold it a different Cisco product. Accordingly, SK C&C demanded that 3IC tear out the Products for a full refund of its purchase price plus the cost of the service contract. The cost to remove the equipment from SKT is expected to be $2,175.90.

16. The contract allows the prevailing party of any suit relating to the contract to collect attorneys' fees and costs from the other party.

17. Cisco breached the contract by delivering hardware and software that did not operate properly. 3IC has performed all of its obligations under the agreement except for those that were excused by Cisco's breach.

18. Accordingly, Cisco caused damage to 3IC in an amount to be proven at trial but not less than its costs and expenses in purchasing the Products from Cisco of $370,846, the refunded cost of the service contract of $82,055, its costs in removing the equipment from SKC&C of $2,175.90 and its attorneys fees and costs for the present action.

## THIRD CAUSE OF ACTION

### (Interference with Contractual Relations)

19. 3IC alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 18 above.

20.  3IC entered into a contract with SK C&C for the sale of the Products to SK C&C. Under the contract, 3IC was to deliver the Products to SK C&C and SK C&C was to pay for the Products.

21.  Cisco had knowledge of the contract between 3IC and SK C&C by virtue of working with 3IC and SK C&C to install the Products and to attempt to make the Products work at SK C&C.

22.  Cisco intentionally acted to disrupt that contract agreement by failing to make the product it sold to 3IC work satisfactorily and instead selling a different Cisco product directly to SK C&C.

23.  As a result of Cisco's intentional acts, 3IC was unable to fulfill its obligations of delivering the Products in satisfactory working condition. Accordingly SK C&C demanded that 3IC remove the Products and refund its payments.

24.  Accordingly, 3IC was damaged at an amount to be proven at trial for the lost benefits of its contract and associated expenses.

## PRAYER

WHEREFORE, Plaintiff 3IC Inc. prays for relief as follows:

1.  For compensatory, consequential and punitive damages in an amount to be proven at the time of trial, plus interest thereon;

2.  For costs of suit and attorneys' fees as provided by law; and

3.  For such other and further relief as this Court deems just and proper.

DATED: August 24, 2001

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
Daniel J. Furniss
Gregory S. Bishop

Attorneys for Plaintiff
3IC INC.

PA 3161721 v1